COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Bray and Overton
Argued at Norfolk, Virginia


LINDA C. EISSLER

MEMORANDUM OPINION[*] BY
v.          Record No. 1879-96-1          JUDGE RICHARD S. BRAY
MARCH 4, 1997

F. CHARLES STANGE, JR.

FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
John K. Moore, Judge

Moody E. Stallings, Jr. (Kevin E. Martin-Gayle;
Stallings & Richardson, P.C., on brief), for
appellant.

(Barry Randolph Koch; McCardell & Inman, P.L.C.,
on brief), for appellee.


Linda C. Eissler (Eissler) appeals the ruling of the trial

court relieving F. Charles Stange, Jr. (Stange), her former

husband and father of the parties' daughter, Kimberly, of

responsibility for Kimberly's college related expenses pursuant

to the terms of a stipulation agreement. Finding no error, we

affirm the decree.

The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to a

disposition of the appeal.

It is well established that a settlement agreement

incidental to divorce is a contract subject to general principles

of contract interpretation. See, e.g., Fry v. Schwarting, 4 Va.

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

App. 173, 180, 355 S.E.2d 342, 346 (1987). If the agreement is unambiguous and "all the evidence which is necessary to construe [it] was presented to the trial court . . ., the meaning and effect of the contract is a question of law which can readily be ascertained by this court." Id. Although parties may advance different interpretations of like provisions in an agreement, this "does not necessarily imply the existence of ambiguity where there otherwise is none." See Smith v. Smith, 3 Va. App. 510, 513-14, 351 S.E.2d 593, 595 (1986). "'An ambiguity exists when language admits of being understood in more than one way or refers to two or more things at the same time.'" Id. at 513, 351 S.E.2d at 595 (quoting Renner Plumbing v. Renner, 225 Va. 508, 515, 303 S.E.2d 894, 898 (1983)). Here, the trial court correctly determined that those provisions of the subject agreement in issue are unambiguous.

"Where [a separation] agreement is plain and unambiguous in its terms, the rights of the parties are to be determined from the terms of the agreement and the court may not impose an obligation not found in the agreement itself." Jones v. Jones, 19 Va. App. 265, 268-69, 450 S.E.2d 762, 764 (1994).

> The court must give effect to all of the language of a contract if its parts can be read together without conflict. Where possible, meaning must be given to every clause. The contract must be read as a single document. Its meaning is to be gathered from all its associated parts assembled as the unitary expression of the agreement of the parties. However inartfully it may have been drawn, the court cannot make a new contract for the parties, but must

construe its language as written.

<u>Tiffany v. Tiffany</u>, 1 Va. App. 11, 16, 332 S.E.2d 796, 799 (1985) (quoting <u>Berry v. Klinger</u>, 225 Va. 201, 208, 300 S.E.2d 792, 796 (1983)).

We concur in Eissler's contention that the plain meaning of paragraphs 21, 23 and 25 of the agreement does not vest Stange with authority to veto Kimberly's college selection as a condition of his obligation to pay attendant expenses, despite provisions that Eissler and Stange "will in good faith negotiate mutual decisions as to the . . . college . . . to be attended by the child." <u>See</u> <u>id.</u> at 17, 332 S.E.2d at 800. However, paragraph 26 provides that, "if it is deemed appropriate and necessary for the child to attend a <u>private</u> school <u>with</u> <u>consent</u> of both Husband and Wife," Stange must "pay the tuition and book costs, if an appropriate school, <u>suitable</u> <u>to</u> <u>both</u> <u>Husband</u> <u>and</u> <u>Wife</u> can be secured." (Emphasis added). Considered together with the entire agreement, paragraph 26 clearly limits Stange's responsibilities for Kimberly's education at a <u>private</u> institution, including college,[1] to those enumerated costs of an institution deemed suitable and approved by both parties.

Nevertheless, Eissler contends that Stange must pay for Kimberly's private education because he agreed that Rice was an "appropriate school." However, appropriateness and necessity are

---

[1]"School" defined in paragraph 21 includes "grade school, high school, college, technical, professional or other."

simply considerations in the assessment of suitability and consent by each party. If the parties had intended that a decision under paragraph 26 must be neither unreasonable nor capricious, they should have included such limitation in the agreement. Compare Jones, 19 Va. App. at 269-70, 450 S.E.2d at 764-65 (party vested with veto where agreement conditioned duty on "agree[ment] on the college of attendance"), with Harris v. Woodrum, 3 Va. App. 428, 429, 432-34, 350 S.E.2d 667, 668, 669-70 (1986) (refusal reviewable where agreement premised duty on husband's "approval of the particular school . . ., which approval [he] agrees not to unreasonably withhold"). Clearly, the language in issue requires that the parties must jointly assent to any private school selected by Kimberly before husband is responsible for the costs.

We also reject Eissler's argument that Stange waived objection to Kimberly's selection when he failed to negotiate her choice in the "good faith" required by paragraph 21, declining responsibility only after Kimberly decided to attend Rice. However, considerations of good faith are not appropriate to paragraph 26, the provisions of which imposed no duty on Stange to address the issue until confronted with the payment request.

Accordingly, we affirm the decree of the trial court.

Affirmed.